UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYSON KOPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV2196 SNLJ |
| | ) |
| CONSUMER ADJUSTMENT COMPANY, | ) |
| INC. and ROGER WEISS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this lawsuit alleging defendants violated the Fair Debt Collection Practices Act (FDCPA). Defendants filed a motion to dismiss (#9) arguing that the allegations made by plaintiff in his complaint do not constitute violations of the FDCPA. Plaintiff did not file a response to the motion and the time for doing so has expired.

As a preliminary matter, this Court notes that after the time for filing a response to the motion to dismiss had expired, plaintiff filed an untimely first amended complaint (#11) without leave of court as required under Federal Rule of Civil Procedure 15(a). Plaintiff's first amended complaint does not address the issues raised in the motion to dismiss, but instead, makes new allegations under the Fair Credit Reporting Act. Plaintiff's first amended complaint, filed without leave of court, shall be stricken from the record. The Court will proceed to take up the motion to dismiss, which is ripe for disposition.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

In his complaint, plaintiff alleges that defendants Consumer Adjustment Company, Inc. and Roger Weiss violated § 1692g of the FDCPA because they did not provide plaintiff with an initial communication before they reported a "negative entry on his credit." Plaintiff further alleges that this is a violation of § 1692d of the FDCPA because the "natural consequence [of reporting] is to harass, oppress, or abuse [plaintiff]." Defendants argue plaintiff's complaint should be dismissed with prejudice because it fails to state a claim under the FDCPA. Specifically, defendants maintain that they did not commit a FDCPA violation by reporting a "negative entry" because they did not have an obligation to do so under § 1692(g) in the absence of an initial communication, and they had a right to report plaintiff's debt to a credit bureau.

Plaintiff alleges a violation of § 1692(g), which provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice." 15 USC § 1692(g)(a). Nowhere in § 1692(g) does it require the debt collector to have an initial conversation with a consumer. By the clear language of this section, it only applies when the debt collector has already had an

2

initial communication with the consumer. *Id.* Here, plaintiff's complaint is that there was no initial communication. As a result, § 1692(g) was not triggered and defendants' action, or lack thereof, did not violate that section of the FDCPA.

Additionally, plaintiff alleges that by "reporting a negative entry on his credit," defendants violated § 1692(d). Plaintiff pleads that defendants harassed, oppressed, and abused him because that is the "natural consequence" of reporting a negative entry on a consumer's credit. The FDCPA prohibits actions against consumers by debt collectors that result in the harassment or abuse of those consumers. 15 USC § 1692(d). That section identifies, without limitation, actions that can be considered a violation. 15 USC § 1692(d)((1)-(6). Specifically, one violation is "[t]he publication of a list of consumers who allegedly refuse to pay debts, *except to a consumer reporting agency . . . .*" 15 USC § 1692(d)(3) (emphasis added). A debt collector can report debts to a credit bureau unless "such reporting has been prohibited by the creditor and the debt collector makes it appear that such reporting has in fact been authorized by the creditor." *Campbell v. Credit Protection Ass'n, L.P.*, 4:12CV289 AGF, 2013 WL 1282348, at *8 (E.D. Mo. March 27, 2013). Plaintiff alleges a violation simply by the reporting of the "negative entry on his credit." Simply reporting that debt to a credit bureau is not, absent other allegations, a violation of § 1692(d). As a result, defendants' reporting of the debt was not a violation of §1692(d).

In sum, Plaintiff seeks relief from this Court based on alleged actions by defendants that, even if presumed to be true, do not give rise to a cause of action under the FDCPA. Defendants did not violate §1692(d) or § 1692(g) by reporting a "negative entry" to a credit bureau without an initial communication with plaintiff.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's First Amended Complaint (#11), filed without leave of court, is stricken from the record.

**IT IS FURTHER ORDERED** that defendants Motion to Dismiss (#9) is **GRANTED**.

**IT IS FINALLY ORDERED THAT** Plaintiff's Complaint (#1) is **DISMISSED** with prejudice.

Dated this 6th day of February, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE