UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TYSON KOPP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:13CV2196 SNLJ |
|  | ) |  |
| CONSUMER ADJUSTMENT COMPANY, INC. and ROGER WEISS, | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' Motion to Award Attorney's Fees (ECF #14). The matter has been fully briefed and is ready for disposition.

Plaintiff filed this lawsuit alleging defendants violated the Fair Debt Collection Practices Act (FDCPA). Defendants filed a motion to dismiss arguing that the allegations made by plaintiff in his complaint do not constitute violations of the FDCPA. On February 6, 2014, this Court granted defendants' motion and dismissed plaintiff's complaint without prejudice. Defendants now seek an award of attorney's fees pursuant to 15 USC § 1692k(a)(3) alleging that plaintiff brought this action in bad faith with the intent to harass defendants.

Section 1692k(a)(3) provides in relevant part: "[o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney[s'] fees reasonable in relation to the work expended and costs." This Court has held that "[s]ection 1692k(a)(3) should be

construed narrowly as not to discourage private litigation under the FDCPA." *Velez v. Portfolio Recovery Associates, Inc.*, 881 F.Supp.2d 1075, 1085 (E.D. Mo. 2012) (citing *Kondratick v. Beneficial Consumer Disc. Co.*, 2006 WL 305399, at *10 n. 4 (E.D. Pa. Feb. 8, 2006)). "For an award to be made, 'there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant.'" *Id.* (quoting *Allers–Petrus v. Columbia Recovery Grp., LLC.*, No. C08–5533FDB, 2009 WL 1160061, at *1 (W.D. Wash. Apr. 29, 2009) (quoting *Gorman v. Wolpoff & Abramson, LLP,* 435 F.Supp.2d 1004, 1013 (N.D.Cal.2006)). To prevail on a motion for an award of attorney's fees in this context, defendants bear the burden of proof that plaintiff's complaint was filed in bad faith and for the purpose of harassment. *Allers–Petrus*, 2009 WL 1160061, at *1.

On the record before it, this Court concludes that an award of attorney's fees and costs is not justified. Although this Court found that the allegations in plaintiff's complaint did not give rise to a cause of action under the FDCPA, there is no evidence that plaintiff's claim was filed in bad faith for the purpose of harassing defendants. This Court rejects defendants' argument that a prior filing of this claim in state court, followed by a dismissal and re-filing in this Court, is evidence that the purpose of the lawsuit was harassment. Further, this Court does not agree with defendants' contention that plaintiff's failure to respond to the motion to dismiss in this Court evidences that plaintiff knew the meritless nature of his claim. Instead of a response, plaintiff filed an Amended Complaint in an attempt to address the motion to dismiss. The Amended Complaint, however, was untimely and filed without leave of court. It was, therefore, stricken and

this Court proceeded to rule on the unopposed motion to dismiss. Defendants do not offer any direct evidence of bad faith or purpose to harass by plaintiff. *Cf. Scroggin v. Credit Bureau of Jonesboro, Inc.*, --- F.Supp.2d ---, 3:12CV128 SWW, 2013 WL 5306675 (E.D. Ark. Sept. 20, 2013) (finding that plaintiff brought action in bad faith and for the purpose to harass defendant and awarding defendant attorney's fees where numerous posts and e-mails by plaintiff evidenced "his dishonesty of belief or purpose, his dishonest and oppressive conduct, his hatred, ill will, and spirit of revenge towards" defendant and that plaintiff "demeaned and abused the judicial process and he perverted the purposes of the FDCPA and AFDCPA.")

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Award Attorney's Fees (ECF #14) is DENIED.

Dated this 15th day of March, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE